JOHN R. HAMPTON, RESPONDENT, PLAINTIFF, v. EL-BERON AUTOMOBILE COMPANY, PROSECUTOR, DE-FENDANT.

Submitted March 24, 1906—Decided June 11, 1906.

Section 97 of the Small Cause Court act (*Revision* 1903), provides that no judgment of that court shall be reversed on *certiorari* "for any error made by a constable in the proper return of a summons as to its service, if it appear that the defendant was duly and legally served." When, therefore, on *certiorari*, a corporation alleges, as the sole ground for reversal, that the person served was not such an officer as service may be made upon, under the Small Cause Court act, the defendant in *certiorari* will be allowed a rule to take testimony to establish that the service was duly and legally made.

On *certiorari*.

Before Justices FORT, PITNEY and REED.

For the prosecutor, *Coult & Howell*.

For the respondent, *Thomas P. Fay*.

The opinion of the court was delivered by

FORT, J. The *certiorari* in this case brings up a judgment of the small cause court, and the application is to set aside the judgment because the summons was not properly served.

The defendant company is a domestic corporation.

The constable returned the writ endorsed as follows:

"I served the within summons on the defendants Hugo Strummel and Elberon Automobile Company by reading the same to Hugo Strummel, manager Elberon Automobile Company, and by handing him a true copy thereof, with state of demand in each case.

"Dated the 8th day of August, A. D. 1905.

"H. M. LANE, *Constable*."

The seventeenth section of the Small Cause Court act of 1903 (*Pamph. L., p.* 254), provides:

"If the defendant is a *domestic* corporation, summons may be served on the president or head officer or agent in charge of its principal office in this state, either personally or by leaving a copy at his usual place of abode at least six days before its return; and in case the president or other head officer or agent cannot be found to be served with process, and has no usual place of abode in the county, the summons may be served on the clerk or secretary of the corporation, if any there be within the county, and if no clerk or secretary, then on one of its directors, either personally or by leaving a copy at his usual place of abode within the county, six days before its return."

A manager may, or may not, be either the president or head officer or agent of the corporation within this state. The mere return of service upon a manager would not be a good return by the constable under the statute, and if it shall appear that Hugo Strummel, upon whom the writ was served, was not at the time of service a person upon whom at that time the service could be made, the judgment must be opened and set aside.

But the court should not make such an order upon the mere inspection of the constable's return on the summons, as shown by the justice's docket in the record.

Section 97 of the Small Cause Court act provides that no judgment of the small cause court, removed by *certiorari* to the Supreme or Circuit Court shall be reversed, among other things, "for any error made by a constable in the proper return of a summons, as to its service, if it appear the defendant was in fact duly and legally served." *Pamph. L.* 1903, *p.* 280, § 97.

Where service is challenged, as here, and the vacation of the judgment is sought because not served upon the proper person, the court should grant the plaintiff in the judgment a rule granting to the defendant in *certiorari* leave to take testimony to show that the person upon whom the summons was served was in fact a person upon whom it could be law-

fully served; and if it shall appear that the person served was one upon whom service of a summons issuing out of the small cause court against a domestic corporation may be made, the defendant was in fact duly and legally served, and the judgment should be affirmed.

The defendant may have thirty days to apply to this court, or one of the justices thereof, for a rule in accordance herewith, and in default thereof the judgment brought up by the writ will be set aside.